UNITED STATES of America,
Appellee,

v.

Lewis THOMAS, a/k/a Lewis W.
Thomas, Appellant.

No. 72–1171.

United States Court of Appeals,
Third Circuit.

Submitted Nov. 2, 1972.

Decided Nov. 16, 1972.

Anthony G. Bateman, Philadelphia, Pa., for appellant.

Robert N. deLuca, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before FORMAN, ADAMS and MAX ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Lewis Thomas was indicted in the United States District Court for the Eastern District of Pennsylvania on three counts for violations of Title 18 United States Code § 2113(a) and (b) arising out of his alleged entry and stealing of $5,387.00 from the Crusader Savings and Loan Association, Philadelphia, Pennsylvania, the deposits of which were insured by the Federal Savings and Loan Insurance Corporation. He was tried to a jury and convicted on all counts. After the denial of a motion for new trial and sentence, this appeal ensued. It is based upon the alleged invalid identification of the appellant by three eyewitnesses, on the ground that their identification was tainted because two of them were shown a photograph of appellant prior to viewing him in a line-up when the picture of only one other participant in the lineup was exhibited to the witnesses. It was also urged that the trial court erred in failing to consider the possible constitutional defects before allowing the identification testimony. The photographs were shown witnesses within six days of the alleged offense. That appellant was not in custody at the time is not questioned.

An examination of the record convinces us that although no pretrial motions addressed to identification were made, the Court interrupted the trial and out of the presence of the jury gave appellant ample opportunity to examine the witnesses and argue his contentions.

Moreover, the record also discloses that the Government established by "clear and convincing evidence" that the identifications were not influenced by the exposure of the witnesses to either the photograph or the lineup but were independently based on each witness's recollection of appellant and his conduct at the time of the perpetration of the offense. Nor is there merit to the contention that pictures of others who participated in the lineup were not shown to the witnesses.

The record reveals that appellant was accorded a fair trial with due protection of his constitutional rights and the verdict of the jury was amply justified. Finding no error we affirm. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); United States v. Shannon, 424 F.2d 476 (3 Cir. 1970); United States ex rel. Reed v. Anderson, 461 F.2d 739, 745 (3 Cir. 1972) overruling in part United States v. Zeiler, 427 F.2d 1305 (3 Cir. 1970).